**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

GLADYS HELEN KING,

               Plaintiff,

vs.

HEALTHCARE PARTNERS MEDICAL
GROUP, et al.,

            Defendants.

Case No. 2:14–cv–01240–GMN–VCF

**REPORT & RECOMMENDATION**

Before the Court is Plaintiff Gladys Helen King's application to proceed *in forma pauperis* (#1[1]). For the reasons discussed below, the undersigned recommends that Plaintiff's application to proceed *in forma pauperis* (#1) be denied.

**BACKGROUND**

Plaintiff Gladys King seeks monetary compensation for alleged medical malpractice committed by Defendant Dr. Sparling when he prescribed her Allopurinol and Colchicine causing a severe allergic reaction. (#1-1 at 1). She states that she incurred "exorbitant hospital and medical expenses, general body damages, and emotional distress. (*Id.*).

**DISCUSSION**

Under 28 U.S.C. § 1914(a), a filing fee is generally required to commence a civil action in federal court. The court may authorize a plaintiff to proceed without prepayment of fees and costs or security therefor if she submits an affidavit that includes a statement showing she is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes

---

[1] Parenthetical citations refer to the Court's docket.

"unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

King claims that she receives $3,900 per month in social security income (#1 at 2). She owns a home she estimates is worth $500,000 and a vehicle worth $5,000. (#1 at 2). She has $250 in her bank account. (#1 at 2). Although her asserted expenses total $3,872 (#1 at 2), it appears that she is still capable of paying the $400 filing fee. She states that she pays a gardener $100 per month and that she spends $280 per month on gasoline and $450 per month for utilities and cable. She does not allege that she supports any dependents.

Plaintiffs wishing to proceed *in forma pauperis* may be required to pay the filing fee "with acceptable sacrifice to other expenses." *Franklin v. U.S. Bank Nat. Ass'n*, 10-CV-1020 W (CAB), 2010 WL 2197349, at *1 (S.D. Cal. May 28, 2010); *See also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (holding that the district court may "consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased . . ."). Here, it is clear that Plaintiff may pay the $400 filing fee with minimal sacrifice. Accordingly, to maintain the integrity of the indigent request process, the court recommends that Plaintiffs' application to proceed *in forma pauperis* be denied.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's action be DISMISSED without prejudice unless Plaintiff submits the full filing fee by September 4, 2014.

IT IS SO RECOMMENDED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 7th day of August, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE